IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 16-626-RGA |
| JAMES R. MAYER, | : | |
| Defendant. | : | |

Nelson Wagner, Trial Attorney, United States Department of Justice, Tax Division, Washington, D.C.; Counsel for Plaintiff.

James R. Mayer, New Castle, Delaware; Pro Se Defendant.

**MEMORANDUM OPINION**

August 3, 2018
Wilmington, Delaware

*signature*
**ANDREWS, U.S. District Judge:**

Plaintiff, the United States of America, commenced this action to collect unpaid federal income tax and statutory additions to tax owed by Defendant James R. Mayer. (D.I. 1). Defendant proceeds *pro se.* Plaintiff moves for summary judgment. (D.I. 16). A briefing schedule was entered, but Defendant did not file an opposition to the motion. (*See* D.I. 17). Therefore, briefing on the matter is complete.

## BACKGROUND

Defendant did not file a return for the 2003 tax year by the April 15, 2004 deadline. (D.I. 16-1 at 3). Plaintiff submitted a certified copy of assessments and payments relating to the 2003 tax year. (*Id.* at 2-17). On November 17, 2005, the Internal Revenue Service prepared a substitute for the 2003 tax return, and the IRS sent Defendant a statutory notice of deficiency on February 21, 2006. (*Id.*) On August 7, 2006, the IRS assessed tax owed of $25,937, plus interest and penalties for failure to file a return or pay the amount due. *Id.*

The IRS sent several delinquency notices to Defendant. Notices of balance due were sent on August 7, 2006, September 11, 2006, and October 16, 2006. (*Id.* at 15). On November 20, 2006, the IRS sent Defendant a notice of intent to levy. (*Id.*). On February 22, 2007, Defendant filed a signed tax return claiming tax owed of $16,363. (*Id.* at 19-23). The IRS acknowledged receipt of the 2003 tax return, advised Defendant there was an error on the return, and informed Defendant that his income should be reported as non-employee compensation as opposed to employee compensation. (*Id.* at 25). On May 10, 2007, Defendant submitted an amended return and reported tax

1

due of $25,867.07. (*Id.* at 27-28). The IRS accepted the return and abated the difference of $69.93 between its prior assessment and Defendant's amended return. (*Id.* at 4).

Plaintiff commenced this action on July 25, 2016. (D.I. 1). When Defendant did not timely answer or otherwise appear, default was entered, and Plaintiff moved for default judgment. (D.I. 7). According to IRS records, as of December 14, 2015, Defendant owed income tax assessments totaling $27,354.97, the amount including unpaid tax, penalties, and interest. (D.I. 7-1 at 1-2). Defendant's Answer to the Complaint raises two affirmative defenses: (1) his tax liability was discharged by bankruptcy; and (2) the suit is time-barred by the ten-year statute of limitations. (D.I. 14).

Plaintiff moves for summary judgment on the grounds that: (1) Defendant does not dispute the amount of tax owed; and (2) Defendant's affirmative defenses fail as a matter of law.

## STANDARDS OF LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a

verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-49 (1986). The Court will not grant the entry of summary judgment without considering the merits of Plaintiff's unopposed motion. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (district court should not have granted summary judgment solely on the basis that a motion for summary judgment was not opposed).

## DISCUSSION

Defendant does not contest or challenge the calculation of tax owed. "Once the IRS assesses a tax, a rebuttable presumption arises that the assessment is correct." *Brounstein v. United States*, 979 F.2d 952, 954 (3d Cir. 1992) (citing *Psaty v. United States*, 442 F.2d 1154, 1160 (3d Cir. 1971)). The introduction of a certified copy of assessments and payments shifts the burden to the taxpayer to show that the assessment is incorrect. *Brounstein*, 979 F.2d at 1160.

The evidence of record includes certified copies from the IRS showing the dates and amounts of assessments, payments, credits, and other actions relating to tax year 2003. (D.I. 16-1 at 2-17). Therefore, Plaintiff met its burden and has made a prima facie case that the assessment is correct. The burden shifted to Defendant to disprove the amount or validity of the assessment. He has raised no challenge to the amount owed.

The Court turns to the two affirmative defenses asserted by Defendant in his Answer. Defendant contends that the assessment was discharged in his Chapter 7 bankruptcy case, *In re Mayer*, No. 15-12496 (Bankr. D. Del.). An order of discharge pursuant to 11 U.S.C. § 727 was entered on March 8, 2016. (D.I. 16-1 at 30).

3

Section 727 is inapplicable to "any debt . . . for a tax . . . with respect to which a return . . . was not filed or given." 11 U.S.C. § 523(a)(1). The Third Circuit has recently held that a late return filed after the IRS has computed the tax due and assessed the tax on its own is not a valid "return" under applicable tax law and does not constitute a "return" for discharge purposes under § 523(a). *See In re Giacchi*, 856 F.3d 244, 247 (3d Cir. 2017) (no bankruptcy discharge of tax liability where debtor voluntarily filed return after IRS assessed tax on its own). "[T]he timing of the filing of a tax form is relevant to determining whether the form evinces an honest and reasonable attempt to comply with tax law." *Id.* at 248. The Third Circuit stated that:

> Forms filed after their due dates and after an IRS assessment rarely, if ever, qualify as an honest or reasonable attempt to satisfy the tax law. . . . [T]he purpose of a tax return is for the taxpayer to provide information to the government regarding the amount of tax due. If a taxpayer does not file a return, the IRS is required to independently assess the taxpayer's liability . . . [.] Once the IRS assesses the taxpayer's liability, a subsequent filing can no longer serve the tax return's purpose, and thus could not be an honest and reasonable attempt to comply with the tax law.

*Id.* (footnotes omitted).

Here, Defendant filed his 2003 tax returns several years late and only after the IRS had completed its own calculation and assessment of his tax liabilities. Therefore, the 2003 tax returns filed by Defendant do not constitute "returns" within the meaning of § 523(a)(1)(B) and other applicable law. Defendant's associated tax liability is not dischargeable pursuant to 11 U.S.C. § 523(a)(1)(B).

Defendant also contends that Plaintiff's complaint is time-barred. Defendant has been informed by a tax consultant that the "taxes could drop off after ten years." (D.I. 14). Under 26 U.S.C. § 6502(a)(1), a suit to enforce collection of assessed taxes must

4

be commenced within ten years of the assessment. Here, the IRS assessed Defendant's liabilities for the 2003 tax year on August 7, 2006. (*See* D.I. 7-1; 16-1 at 3). Plaintiff commenced this suit on July 25, 2016, approximately two weeks prior to the expiration of the ten-year limitation period. The action was timely filed.

Defendant has submitting nothing to challenge Plaintiff's motion for summary judgment and there are no genuine issues of material fact. Defendant has not paid his tax assessment for the tax year 2003. In addition, Defendant's affirmative defenses fail as a matter of law. Therefore, the Court will grant Plaintiff's motion for summary judgment.

## CONCLUSION

Based upon the above discussion, the Court will grant Plaintiff's motion for summary judgment (D.I. 16) and will enter judgment, which was in the sum of $27,354.97 as of December 15, 2015, together with statutory interest and penalties.

An appropriate order will be entered.